# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEORGE CORRADO,**
**individually and on behalf of all similarly**
**situated consumers ,**

                **Plaintiff,**

**-vs-**                              **Case No. 6:09-cv-1537-Orl-31GJK**

**RP REALTY PARTNERS, LLC**
**a foreign limited liability company ,**

                **Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, George Corrado ("Plaintiff"), Motion for Class Certification (Doc. 13) and Defendant's, RP Realty Partners, LLC ("Defendant"), response in opposition thereto (the "Response") (Doc. 17).

**I. Overview**

On September 4, 2009, Plaintiff brought this putative class action on behalf himself and other similarly situated individuals for alleged violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* (the "EFTA") (*see generally* Doc. 1). Specifically, Plaintiff alleges that on August 20, 2009, he used one of Defendant's automated teller machines ("ATMs") in downtown Orlando, Florida. Although the on-screen display of the ATM advised Plaintiff that he would be charged a $2.25 fee if he elected to withdraw funds, Plaintiff alleges – and Defendant has admitted – that the machine was not affixed with a printed notice advising Plaintiff of the fee (Docs. 1 and

8, ¶ 14).[1] Accordingly, Plaintiff contends that he and other consumers are entitled to statutory damages.[2]

In his Motion for Class Certification, Plaintiff moves the Court to certify a mandatory class pursuant to FED. R. CIV. P. 23(b)(1)(B) comprised of all consumers who used Defendant's ATMs from May 28, 2009 to October 4, 2009 (Doc. 13 at 2). Because Congress placed a limit on the amount of statutory damages that can be recovered in a class action (or series of class actions) arising out of the same failure to comply with EFTA, Plaintiff contends that the class is subject to a limited fund (Doc. 13 at 2).

In its Response, Defendant contends, *inter alia*, that Plaintiff cannot satisfy the commonality and typicality prerequisites of Rule 23(a) and that certification pursuant to FED. R. CIV. P. 23(b)(1)(B) is inapposite because this case does not involve a limited fund.

Because the Court concludes, for the reasons, *infra*, that this case does not involve a limited fund, the Court has simply assumed, without deciding, that Plaintiff has satisfied Rule 23(a).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] According to Plaintiff, Defendant corrected the problem on October 4, 2009 by placing written notices on its ATMs (Doc. 13-1, ¶ 4).

[2] Plaintiff has abandoned his claim for actual damages (Doc. 13-1, ¶ 5).

## II. Applicable Law

### A. Limited Fund Class Actions

In pertinent part, Rule 23 provides that a class action may be maintained if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

FED. R. CIV. P. 23(b)(1)(B).

In reviewing the historical antecedents to Rule 23(b)(1)(B), the Supreme Court has held that mandatory classes predicated on the theory of a limited fund must generally be justified by "reference to a 'fund' with a definitely ascertained limit, all of which would be distributed to satisfy all those with liquidated claims based on a common theory of liability, by an equitable, pro rata distribution." *Oritz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999). While there may be some exceptions to these general requirements, "the burden of justification rests on the proponent of any departure from the traditional norm." *Id.* at 842.

### B. Damages Under EFTA

In addition to costs and reasonable attorneys' fees, the civil liability provision of EFTA entitles consumers to actual and statutory damages. 15 U.S.C. § 1693m(a). The maximum amount of statutory damages available under EFTA varies, however, depending on whether the case is a class action or an individual action. In class actions, the maximum amount of statutory damages available to the class is determined by the Court, except that:

(i) as to each member of the class no minimum recovery shall be applicable, and

(ii) the total recovery . . . in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per

15 U.S.C. § 1693m(a)(2)(B). Accordingly, no class or series of classes may ever recover more than $500,000 for the same EFTA violation.

In individual actions, the statutory maximum amount of damages is $1,000 per violation, irrespective of the defendant's net worth. 15 U.S.C. § 1693m(a)(2)(A). There is no limit, however, on the total recovery that may be had in any series of individual actions.

## III. Analysis

Plaintiff's Motion for Class Certification is patently without merit. Even assuming that Plaintiff could identify an actual "fund" and justify a departure from the traditional norms identified in *Ortiz*, Rule 23(b)(1) expressly limits the certification of (b)(1)(B) classes to instances in which the prosecution of separate actions by individual class members would adversely affect the claims of other class members. EFTA has no such effect. Indeed, the opposite is true: the prosecution of a class action – rather than a series of individual actions – has the potential of limiting class members' recovery.[3]

---

[3] Assume, for instance, that 1,000 plaintiffs have each been subject to the same EFTA violation. 1,000 individual actions are brought. The court awards statutory damages of $1,000 to each plaintiff. In the aggregate, the plaintiffs have received $1,000,000 in statutory damages. Now, assume that instead of prosecuting individual actions, the same 1,000 plaintiffs bring a class action. Pursuant to 15 U.S.C. § 1693m(a)(2)(B), the maximum amount of statutory damages that the class can recover – assuming that one percent of the defendant's net worth even exceeds $500,000 – is $500,000. Individually, each class member can recover no more than $500.

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for Class Certification (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 16, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE